COMMODITY FUTURES TRADING COMMISSION, Plaintiff,

v.

Al S. POLONYI, Defendant.

No. 81-0669-CV-W-5.

United States District Court, W. D. Missouri, W. D.

Oct. 8, 1981.

Constantine Gekas, Division of Enforcement, Chicago, Ill., J. Whitfield Moody, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

Charles Myers, Dietrich, Davis, Dicus, Rowlands & Schmitt, Kansas City, Mo., for defendant.

ORDER AND MEMORANDUM

SCOTT O. WRIGHT, District Judge.

This is an administrative subpoena enforcement action brought under 7 U.S.C. § 15 by the Commodity Futures Trading Commission ("Commission"). The defendant is a member of the Kansas City Board of Trade ("Board") and is registered with the Commission as a floor broker. In June of 1979, the Board investigated certain trading activities of the defendant. As a result of that investigation, the Board commenced disciplinary action against the defendant on the grounds that he violated Board disciplinary Rule 1202.6 by attempting to cause a wheat contract to close at an artificial price, Rule 1202.5 by engaging in uncommercial practices while dealing with other members of the Board, and Rule 1202.9(b) by causing false prices to be reported. The defendant and the Board reached a settlement with respect to the charges before the Board's Business Conduct Committee convened a hearing on the charges. By the terms of the settlement, the defendant paid a $2,000.00 fine and agreed not to engage in the type of conduct charged by the Board.

The Commission received notice of the settlement on January 15, 1980. The Commission is presently investigating the same trading activities which led to the Board's decision to institute disciplinary proceedings against the defendant. On May 11, 1981, a staff attorney of the Commission issued an administrative subpoena which required the defendant to appear at the Commission's offices in Kansas City, Missouri, on May 28, 1981. The defendant declined to appear. In order to compel the defendant's appear-

ance, the Commission filed this action. For the following reasons, this Court orders the defendant to obey the Commission's administrative subpoena.

█ The defendant challenges the Commission's right to issue a subpoena on the ground that the Commission has failed to timely undertake review of the Board's settlement of the disciplinary charges. According to the defendant, the Commission's ability to investigate the activities of a floor trader is limited to a "review" of an exchange board's disciplinary action where an exchange board has acted. Conversely, it is also the defendant's position that the Commission can only undertake an "independent" investigation of a floor trader where an exchange board has declined to act. In pursuit of this theory, the defendant asserts that the Commission has no power to investigate, by way of a subpoena or otherwise, those floor trading activities of the defendant, because the 180-day period for review of Board action expired before the subpoena was issued. The defendant's theory, however, is based on a skewed reading of the Commodity Exchange Act and the regulations promulgated under it. The defendant's construction of 7 U.S.C. § 12c(2) ignores the plain language of the section and ultimately disharmonizes that section with other sections of the Act.

Section 8c(1)(A) of the Act permits the Commission to discipline a member of a board of exchange where the board of exchange fails to act. 7 U.S.C. § 12c(1)(A). By its language, the section does not require the Commission to undertake any action; rather, the section states that the Commission, where "the exchange fails to act, *may* suspend, expel or otherwise discipline ..." 7 U.S.C. § 12c(1)(A) (emphasis added). Similarly, Section 8c(2) of the Act permits the Commission to review, at its discretion, any disciplinary action that is, in fact, taken by a board of exchange. 7 U.S.C. § 12c(2). The Commission is not required to review board of exchange action, but "may, in its discretion and in accordance with such standards and procedures as it deems appropriate, review" any

disciplinary decisions of a board of exchange. 7 U.S.C. § 12c(2). If the Commission decides to review a disciplinary decision, its regulations provide that it shall initiate review within 180 days after it has received notice of the disciplinary action. 17 C.F.R. § 9.50 (1981). The 180-day period may be extended for "extraordinary circumstances." 17 C.F.R. § 9.50 (1981). Like Section 12c(2), Regulation 9.50 does not require the Commission to undertake review. *Id.*

█ The defendant tortures the plain language of Section 12c(2) and Regulation 9.50 when he asserts that the Commission must timely review any Board disciplinary action if the Commission's right to investigate is to be preserved under the Act. As the language of the Act and regulation makes manifest, review of disciplinary action is a matter of Commission discretion. There is no language which explicitly or implicitly requires the Commission to review disciplinary actions or which precludes an independent investigation if review is not undertaken.

Not only does the defendant's construction of Section 12c(2) and Regulation 9.50 torture the discretionary language of those provisions, it also ignores other sections of the Act. Where possible, Section 12c(2) and Regulation 9.50 must be harmonized with other sections of the Act. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979). When these two provisions are construed as giving the Commission the discretionary authority to review a disciplinary decision of a board of exchange, they are harmonious with all other pertinent provisions of the Act. The defendant's construction creates discord. For example, given the defendant's construction, Section 6(b), 7 U.S.C. § 9, of the Act, which empowers the Commission to institute proceedings to determine whether any person has violated the Act, Section 9(b), 7 U.S.C. § 13(b), which provides criminal penalties that are broader than the sanctions available to a board of exchange, Section 8a, 7 U.S.C. § 12a, which expressly authorizes the Commission to commence investiga-

**20**

tions, and Section 6(b), 7 U.S.C. § 15, which grants the Commission subpoena powers to further its investigations, would be severely limited in their application. The Court, in reading the Act in its entirety, finds that Congress collectively intended to give the Commission broad investigatory powers. *See, generally, Boys Markets, Inc. v. Retail Clerks Union*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). The review procedures of Section 12c(2) are clearly discretionary under the Act. To find that those powers are to be severely limited once a board of exchange has taken disciplinary action, would ignore the clear meaning of the Act as a whole. *Id.*

Accordingly, it is hereby

ORDERED that the defendant obey the Commission's administrative subpoena. It is further

ORDERED that the defendant bear the costs of this proceeding.